UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTIAN STOECKERT,

    Plaintiff,

v.                                                          Case No. 05-C-747

UNITED STATES of AMERICA,

    Defendant.

**ORDER**

On July 14, 2005, Christian Stoeckert filed this motion pursuant to 28 U.S.C. § 2255, seeking correction of the sentence I imposed on July 20, 2004 following his conviction for conspiracy and possession with intent to distribute controlled substances. Stoeckert entered a guilty plea and was sentenced to eighty-six months in custody. He claims that his rights under the Fifth and Sixth Amendments to the United States Constitution were violated when I determined that he and a manager/supervisor role in the offense and added three levels to the offense severity pursuant to § 3B1.1(b) of the United States Sentencing Guidelines. He also requests that he be given six months additional credit against his federal sentence for time spent in State custody for related conduct.

Pursuant to rule 4 of the Rules Governing Section 2255 Proceedings, I must give the case prompt initial examination.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant

>to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . ..

Rule 4, Rules Governing § 2255 Proceedings.

In his petition, Stoeckert makes two arguments or requests. He first argues that his constitutional rights were violated because he received a three point enhancement for his role in the crime charged, which was not charged in the indictment and which was not presented to the jury. Second, he requests that he be given a six months credit for time in custody on a state charge based upon comments the court made during the sentencing hearing.

Habeas corpus relief pursuant to 28 U.S.C. § 2255 is available only if a prisoner can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir.), *cert. denied*, 116 S. Ct. 268 (1995). Neither of the claims Stoeckert makes are sufficient to entitle him to collateral relief under § 2255. His claim that the three-level enhancement of his offense severity score for his role in the offense under the United States Sentencing Guidelines violated his Sixth Amendment right to a jury determination of all facts used to increase his sentence fails since the Guidelines were not treated as mandatory in his case. Stoeckert's sentencing came after the Seventh Circuit's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), aff'd, 125 S.Ct. 738 (2005), and pursuant to the Seventh Circuit's directive in that case, the Guidelines were treated as advisory. It was apparently for this reason that Stoeckert abandoned his direct appeal of his sentence. In any event, no Sixth Amendment violation occurred.

Stoeckert's second claim is more in the nature of a request for reconsideration. He asks that I grant him credit for an additional six months he spent in state custody for conduct related to

2

federal charges that I sentenced him on. At the time of sentencing, I considered Stoeckert's request that I reduce any sentence I imposed by the twelve months he had spent in custody for a state charge he was convicted on during the course of the conspiracy. I elected to give Stoeckert credit for six months of the twelve he had served in for a state court conviction, even though the state offense had no bearing on the guideline calculation in his federal case. This resulted in a sentence of eighty-six months, six months less than the low end of the otherwise applicable Guideline range. Stoeckert's request for reconsideration does not raise a jurisdictional or constitutional issue susceptible to relief under § 2255. I therefore conclude collateral relief is not available to him.

Even if the above issues did raise matters of jurisdictional import or constitutional concern, the court could not grant Stoeckert the relief he seeks. "In addition to restraints on the types of issues that may be raised, the failure to raise issues on direct appeal bars a petitioner from raising them in a section 2255 proceeding unless he or she makes a showing of good cause for and prejudice from that failure." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (citations and internal quotation marks omitted). An argument that was not raised on direct appeal cannot first be presented on collateral review "'absent a showing of cause' for the failure to advance the argument sooner' and some showing of actual prejudice resulting from the alleged constitutional violation.'" *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). A district court may not reach the merits of an appealable issue in a Section 2255 proceeding unless the issue has been raised in a procedurally appropriate manner. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

It is clear from Stoeckert's petition that he could have pursued his claims on direct appeal. Although he filed an appeal, the appeal was dismissed on his motion on February 7, 2004. Having

abandoned his appeal, Stoeckert may not simply raise the same issues via a § 2255 petition. Absent a showing of cause for failing to exhaust his appeals and actual prejudice from a failure to grant his petition, no relief is available. For this reason, as well, Stoeckert's petition must be dismissed.

Stoeckert has also filed a motion to proceed in forma pauperis. The Advisory Committee Notes to § 2255 Rule 3 clearly indicates that there is no filing fee associated with filing a § 2255 motion, and such proceedings are not civil actions for purposes of 28 U.S.C. § 1915. Thus, the court denies as moot defendant's motion for leave to file in forma pauperis.

**IT IS THEREFORE ORDERED** that Stoeckert's motion for relief under 28 U.S.C. § 2255 is denied for failure to state a claim on which relief can be granted, and the action is summarily dismissed.

**IT IS FURTHER ORDERED** that Stoeckert's motion to proceed in forma pauperis is denied as moot.

Dated this 29th day of July, 2005.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge